### IN

# THE SUPREME COURT

#### OF THE

## STATE OF KANSAS

##### DURING THE TERM COMMENCING JULY, 1863.

### ALEX. W. J. BROWN *vs.* LYMAN E. RHODES.

The filing with the pleadings of a bill of exceptions in the court below, held to be necessary make it a part of the record of a case, so as to be reviewable by the supreme court.

The records of a term of court are made up under its directions, during the term. A bill of exceptions filed out of term is no part of the record.

A petition in error alleging that the judgment was for defendant in error, when it ought to have been for plaintiff, without stating what errors had been committed, and by whom, is indefinite, and does not "set forth the errors complained of," as required by section five hundred and twenty-seven of the civil code.

The facts of the case appear in the opinion of the court.

*Christian & Lane and Elmore & Martin,* for plaintiff in error.

*Elmore & Martin* cited sections one hundred and eighty-nine and three hundred and ninety-six of the civil code, and contended that on account of the insufficiency of the answer, plaintiff was entitled to judgment on the petition.

Other points made by plaintiff's counsel relate only to errors set forth in the rejected bill of exceptions.

*Wilson Shannon,* for defendant in error.

This case does not come before the court in such a shape as to enable the court to take any notice of the supposed errors complained of by the plaintiff in error.

The transcript, duly certified, attached to the petition and marked " exhibit A," does not show that any instructions were asked for by either party, nor that any instructions were given by the court to the jury, nor that either party excepted to the ruling of the court in the case. This transcript was made and certified to by the clerk on the 13th day of March, 1860. There is nothing in this transcript of which the court can take notice as error.

There is what purports to be an amended transcript, filed in this court on the 29th of October, 1861, found among the papers. This amended transcript is certified to by the clerk of the court below on the —— day of June, 1861, and appears to be a more full record than the transcript attached to the petition in error; but it does not show any ruling of the court below, nor any exceptions taken by either party to the action of the court in the case; nor does it embody any of the evidence given in the court below. There is nothing in this transcript, therefore, which the court can take notice of as error.

There is found, also, with the papers in the case in this court, what purports to be a bill of exceptions, filed by A. Stark, clerk of this court, on the 10th of February, 1862. There is also marked on the back of this paper the words, " Filed October 3d, 1860. E. NOEL ECCLESTON." Eccleston was the clerk of the old territorial supreme court, and held his office in Lecompton, and from this indorsement I would infer that this paper had been filed by some one in the clerk's office of the supreme court of the territory, October 3d, 1860. The summons in error, in this case, was issued on the 3d day of October, 1860, the same day that this paper was filed with

the clerk of the then supreme court. From the indorsement on the back of this same paper, signed by James H. Signor, clerk of the court below, this paper was filed in the office of the clerk of the district court in Allen county, January 22d, 1862, so that this bill of exceptions was never filed in the court below until January 22d, 1862—some two years and three months after the trial term of this case, in the court below. I have thus been particular in calling the attention of the court to these facts to show that there is nothing before this court to enable them to review the judg-ent of the court below.

The civil code provides (§ 301, *p.* 173) that the party objecting to the decision must except at the time the decision is made, and time may be given to reduce the exceptions to writing ; *but not beyond the term.*

Section three hundred and two provides that exceptions must be stated, with so much of the evidence as is necessary to explain it, and no more. In this pretended bill of exceptions there is no evidence, whatever, stated, to explain the instructions asked for and refused.

There is nothing in this case which brings it within the three hundred and third section of the code.

In section three hundred and four it is provided that "when the decision is not entered on the record, or the grounds of objection do not sufficiently appear in the entry, the party excepting must reduce his exceptions to writing, and present it to the court for its allowance. If true, it shall be the duty of a majority of the judges composing the court, to allow and sign it ; *wherupon*, it shall be *filed* with the pleadings, as a part of the record," &c. It follows, from these statutory provisions, that the bill of exceptions must be signed by the judge, during the term at which judgment is rendered, and shall then be filed with the pleadings, as part of the record. So far as the paper, called a bill of exceptions, is concerned, the indorsements upon it show that it was not filed in the dis-

trict court of Allen county for more than two years after the time at which judgment was rendered. This court will not sanction a practice which would allow a party to carry a bill of exceptions in his pocket for two years and three months, and then file it in the clerk's office. To do so would be in direct violation of the plain and obvious requirements of the three hundred and fourth section of the code, which makes the clerk the custodian of the bill of exceptions, and all the other papers in the case. This section very properly requires that when the judge signs the bill it shall be filed by the clerk; that is, it passes out of the hands of the judges to the clerk, and is by him filed; but to allow a party to hold it in his hands as long as he sees proper, would be to give to the party an opportunity to alter, strike out, amend or interline, and to perpetrate a fraud on the court and the other party.

What evidence have we that judge Williams ever signed this bill of exceptions? The whole is copied by, and in the hand writing of, the clerk of the court below. The attorney for Brown undoubtedly filed a paper with the clerk, of which this is a copy, but this was two years and three months after the trial term. Who can tell what interlineations, alterations or marginal notes have been made on this bill of exceptions? Or, who can tell now that it was not drawn up entirely by some one interested in having the judgment reversed?

There is something extremely suspicious in this bill of exceptions, filed in this court February 10th, 1862. There appears to be two bills of exceptions purporting to be signed by judge Williams. The first has no date to it. It does not appear to have been signed during the term. It gives, however, all the instructions asked for by Brown, and given and refused by the court; but not appearing to be signed in term, it was of no value. Another bill of exceptions is drawn up, having a date—the same date that the judgment of the court below has—and the two bills are stuck together in a suspicious manner, and filed in the court below, and the clerk copies

Brown *v.* Rhodes.

them and hands them up to this court. It is utterly impossible to resist the conclusion that this bill of exceptions, as it now appears in this court, has been fixed up since the judgment term, so as to make a case for this court. That a bill of exceptions, to be noticed by this court, must be signed by the judge and filed during the judgment term, was decided by this court, at their last term, in the case of *Gallaher and Crawford vs. Southwood.*

But, in a legal point of view, the instructions given by the court, in the first bill of exceptions, so far as we are able to judge from the record, was correct.

The counsel for plaintiff has filed a brief, in which he supposes certain facts proved, and certain facts not proved. Now we cannot tell, from any record or paper in this case, what was proved, and what was not proved. When the evidence in the case is not set out in the record, the presumption of law is that it justifies the verdict of the jury.

By the Court, COBB, C. J. This cause comes here by petition in error to review a judgment rendered by the late territorial district court in Allen county, at its October term, A. D. 1859.

A copy bill of exceptions is brought here, with the transcript of the record of the district court, which purports to have been filed by the clerk of that court at a time subsequent to the close of said term; and the transcript contains no journal entry showing the allowance or filing of a bill of exceptions.

Is such a bill of exceptions a part of the record?

Section three hundred and one of the code of civil procedure provides that "time may be given to reduce the exceptions to writing, but not beyond the term."

Section three hundred and four provides that the party "shall present it to the court for its allowance, and if true, it shall be the duty of a majority of the judges, composing the court, to allow and sign it."

No language could make it more clear that the bill must be allowed and signed within the term at which the exceptions were taken; and the language immediately following that last cited, "whereupon it shall be filed with the pleadings, as a part of the record," can mean nothing else than that it shall *then* be filed and *become* a part of the record.

The statute does not declare the bill a part of the record before it is filed, and the filing is therefore necessary to make it such.

The records of a term of court are made during the term, and under the direction of the court; but in filing the bill out of term the party undertook to make a record by *exparte* motion before the clerk in vacation.

Such practice is unsafe to suitors, and sustained neither by law nor precedent.

The bill of exceptions is, therefore, no part of the record, and the cause must be considered without reference to it.

There are but three allegations of error in the petition. The first two allege error in the charge of the court to the jury, which charge does not appear upon the record. The third is, that the judgment was for Rhodes, and should have been for Brown. It does not state what erroneous ruling caused the rendition of the judgment for Rhodes, nor whether it was the fault of the court or of the jury. It is general and indefinite, and does not set forth the error complained of.

There is, therefore, no alleged error set forth in the petition that appears upon the record.

The code (§ 527) requires the plaintiff in error to file his petition, "setting forth the errors complained of." And any error not so set forth is, therefore, not complained of, but waived by the party and the court will not consider it. (*See Nash's Pl. & Pr.*, 692, *and cases there cited.*)

None of the errors complained of in this case, appearing by the record, the judgment of the district court must be affirmed, with costs to the plaintiff.

All the justices concurring.