THE STATE OF KANSAS, *ex rel.*, v. MELVIN BURROWS.

1. BILL OF EXCEPTIONS, *When to be Allowed and Settled.* An objection to the decision of a judge at chambers should be reduced to writing and presented to the judge for his allowance, at the conclusion of the hearing when the decision is made, unless application is made for additional time, which may be given, but never to exceed ten days. If no time is asked or given at the conclusion of the hearing before such judge, the parties are concluded, and are not thereafter entitled to present for allowance, and have settled and signed, a bill of exceptions.

2. PROCEEDINGS IN AID OF EXECUTION; *Waiver of Irregularity.* In proceedings in aid of execution, instituted under § 482 of the code, the judgment debtor cannot be required by an order of the judge of the district court to appear and answer concerning his property outside of the county, to which the execution against him was issued; but where the order was made and served upon the judgment debtor, requiring him to appear within the proper county, and afterward, by the consent of all the parties concerned, and with the approval of the judge, the judgment debtor voluntarily appears in another county in the same judicial district, and submits to an examination which is reduced to writing and signed by the debtor without objection, and the further consideration of the case

is then adjourned to the county to which the execution was issued, and where the proceedings were instituted, and the judgment debtor there proceeds with the hearing without objection, and by general consent introduces and reads in evidence the testimony so taken and reduced to writing outside of the county, he thereby waives the irregularity of an examination in a county other than the one to which the execution was issued.

3. JUDGMENT DEBTOR, *When Committed for Contempt.* A judgment debtor may be committed for contempt, for willful disobedience of an order made by a district judge, in proceedings in aid of execution requiring him to apply property in his possession, not exempt, to the satisfaction of a judgment rendered against him, and upon which an execution has been returned unsatisfied.

### Appeal from Marion District Court.

MARCH 25, 1884, F. H. Kollock and B. Fanning, as co-partners, recovered a judgment for $325.30, against *Melvin Burrows*, in an an action pending before G. W. Camp, a justice of the 'peace of Peabody township, in Marion county. June 7, 1884, an abstract of said judgment was docketed in the office of the clerk of the district court of that county. An execution was issued upon the judgment, to the sheriff of said county, and by him returned unsatisfied. June 12, 1884, an order was made by the judge of said district court, commanding defendant *Burrows* to appear before him at chambers, in Marion county, on June 14, 1884, for examination as a judgment debtor. This order was personally served on defendant, who failed to appear pursuant to the command thereof. June 21, 1884, the judge made an order commanding defendant to appear before him at chambers, in Cottonwood Falls, Chase county, on July 9, 1884, at 10 o'clock A. M., to answer for contempt, in failing to appear pursuant to the order made June 12, 1884. On July 9, 1884, defendant appeared before the the judge, in Cottonwood Falls, and, being purged of his said contempt, then and there submitted to his examination and the examination of other witnesses, and at his request said witnesses and himself were cross-examined by his counsel. At the conclusion of the examination, the attorney for the relators filed a motion, asking that said judgment debtor be

ordered to pay into court an amount sufficient to satisfy the judgment and costs against him in said case.   Thereupon the hearing in said proceedings was by consent of said judgment debtor continued, to be further heard at Peabody, Marion county, at chambers, on July 21, 1884.   On that day all of said parties appeared before said judge, by their attorneys, and the proceedings were resumed without objection by the judgment debtor; and upon due consideration of said motion, examination and evidence, said motion was sustained, and the judgment debtor ordered to pay said sum to the attorney of plaintiffs.   Thereafter said judgment debtor was served with said order, and refused to comply therewith.   August 11, 1884, and upon notice given to said judgment debtor, and that affidavits would be used therein, the relators applied to said judge for an order against said judgment debtor, to show cause why he should not be punished as for contempt for refusing to obey said order.   On said day, pursuant to the notice, both parties, by their attorneys, appeared before the judge at chambers, and said application was heard, and affidavits offered and read in evidence by the relators, without objection by the judgment debtor.   On August 11, 1884, the judge issued an order of attachment for said judgment debtor, directed to the sheriff of Marion county, commanding him to bring said judgment debtor before said judge to answer for his misconduct.   On August 13, 1884, the sheriff made his return of the order, and produced before the judge at chambers, at Hutchinson, Reno county, Kansas, the judgment debtor, *Burrows*, in person. After hearing the evidence of *Burrows* in regard to his alleged contempt, offered without objection to the proceedings and the testimony of witnesses produced by the relators, the further hearing of the contempt proceedings was continued, by consent of parties, to August 19, 1884, at Hutchinson. On August 19, 1884, the parties again appeared before the judge at chambers, and the hearing was by consent continued, to be heard at chambers, at Peabody, Marion county, Kansas, on August 30, 1884.   On said day all of the parties appeared before the judge at chambers, in Peabody, Marion

county, and the hearing of the contempt proceedings was resumed; upon consideration of which, the judge found that the judgment debtor, *Melvin Burrows*, had been guilty of a willful disobedience of the order, dated July 21, 1884, and was liable to punishment therefor as for a contempt; and adjudged him to be guilty of contempt of court, and to be fined therefor in the sum of $377.43, and stand committed until said fine should be fully paid. From this order and judgment, *Burrows* appeals to this court.

*J. S. Dean*, for appellant.

*J. H. Morse*, for The State.

The opinion of the court was delivered by

JOHNSTON, J.: On the 11th day of August, 1884, the judge of the district court of Marion county issued an attachment against Melvin Burrows for contempt in willfully refusing to comply with the orders made by said judge in certain proceedings in aid of execution pending before him. The attachment was returned, and a hearing was had before the judge at chambers, on the 30th day of August, 1884, when he was adjudged guilty of contempt, and was committed to the jail of Marion county until he should comply with the orders of the judge, which he had disobeyed. From this order and judgment he appeals to this court.

The first question which we meet in this case, is raised by an objection to that part of the record which purports to be a bill of exceptions, because it was not settled and signed within the time prescribed by law. The record shows that the decision of the judge, to which exception is taken, was made on the 30th day of August, 1884, and that the bill of exceptions was presented and allowed on the 18th day of September, 1884. It is provided that bills of exceptions in criminal trials shall be settled, signed and filed in the same manner as in civil actions; and § 300 of the code of civil procedure prescribes that —

"The party objecting to a decision must except at the time

the decision is made, and time may be given to reduce the exception to writing, but not beyond the term. If the decision objected to is made in vacation, or at chambers, the judge may give time to reduce the exception to writing, not exceeding ten days."

The language of the statute is plain, and clearly limits the time within which bills of exception may be presented and allowed. It has been held by this court, that a bill of exceptions not filed within the time prescribed by law, forms no part of the record, and that the judge cannot, even with the consent of counsel, extend the time for reducing the exceptions to writing and presenting them for allowance, beyond the statutory limit within which it must be completed; and that this court cannot take cognizance of, or consider as a part of the record, a bill of exceptions which is not allowed and authenticated in the manner and within the time prescribed by the statutes. (*Brown v. Rhodes*, 1 Kas. 359; *Gallaher v. Southwood*, 1 id. 143; *Lownsberry v. Rakestraw*, 14 id. 151–154; *The State v. Bohan*, 19 id. 48.)

The rule prescribed by the statute is a reasonable one. The theory is that the exceptions should at once be reduced to writing, and allowed and settled while the facts and proceedings in the case are fresh in the minds of judge and counsel. The party objecting to the decision of a judge, made in vacation or at chambers, should prepare and present his bill of exceptions at the time of the hearing at which the rulings or decisions objected to are made, and while the counsel for the opposite party are present. If additional time is necessary or desired in which to reduce the exceptions to writing, application should be made to the judge therefor, who may give time not exceeding ten days. If no time is asked or given at the conclusion of the hearing before the judge, the parties are concluded, and are not thereafter entitled to have the exceptions allowed or settled. These requirements are absolute, and we cannot disregard them. In this case there was no extension of time asked for by the appellant, or granted to him. From the statement made by the judge, attached to the bill of exceptions, it appears that on the 6th of September, 1884, the appellant

appeared before the judge and presented for his allowance an incomplete and imperfect bill of exceptions, which the judge refused to allow and settle. The appellant then gave notice to the opposite party that the bill would be submitted to the judge for his allowance on the 18th day of September, which was accordingly done, and the bill was then allowed, signed, and ordered to be made a part of the record of the cause, against the objection of the appellee. It will be observed that the bill of exceptions brought up in the transcript was presented and allowed nineteen days after the decision was made, and at a time when the power of the judge to settle and sign the exceptions was at an end. The bill of exceptions, therefore, is not properly a part of the record, and we are compelled to disregard it.

The bill of exceptions having been stricken out, there remains in the record only the transcript of the findings and judgment in the contempt proceeding, and any question raised thereon is properly before us. Most of the argument made by counsel on behalf of appellant is directed to alleged errors which appear only in the bill of exceptions, and are excluded from our consideration. In the absence of the testimony in the case, we are bound to assume that it fully supports the findings, and that the proceedings were regular except so far as error may appear in the entry of the findings and judgment. Appellant contends that he cannot be held guilty of contempt in this case, because the order of the judge to which he refused to yield obedience was void. The ground upon which he makes this claim is, that the examination of the judgment debtor in the proceedings in aid of execution was held at Cottonwood Falls, outside of the county where the judgment debtor resided, and to which the execution was issued. It is true that § 482 of the code, in referring to the power of the judge to require a judgment debtor to appear and answer concerning his property, provides that it shall be before "such judge, at a time and place specified in such order, within the county to which the execution was issued." The examination of appellant in Chase county was irregular. But in this case it

appears from the findings of the judge, that the appearance of the appellant outside of Marion county, where he resided, and his examination at Cottonwood Falls, Chase county, was voluntary, and apparently was held there for his convenience. It appears that an order was first issued, requiring the appellant to appear in Marion county and answer concerning his property. This order was duly served upon the appellant, but he failed to obey it, and was cited to appear at Cottonwood Falls—where the judge was then holding court—and show cause why he should not be punished for contempt, in refusing to conform to the requirement made by the judge. The appellant accordingly appeared under this citation and purged himself of contempt, and then and there he volunteered to submit to an examination, which was reduced to writing, and which he signed without objection or exception. The further consideration of the case was—with the consent of all the parties—then adjourned until a later day in Marion county, where the hearing was completed, and where the order objected to was made.

It will be seen that the proceeding was instituted in the proper county, and service upon the appellant was there made. The examination of the appellant, and other testimony taken outside of the county, being in writing, was submitted by appellant for the consideration of the judge, at the adjourned hearing in Marion county, and no question or objection was made by the appellant that it had been taken and reduced to writing in Chase county. Whatever of irregularity there was in the examination of appellant outside of the county where the execution issued, was therefore waived. The appellant, having introduced and read in evidence the testimony taken outside of the county, with the consent of the opposite party and the approval of the judge, cannot thereafter be heard to object. (*Hobart v. Frost*, 5 Duer, 673; *Viburt v. Frost*, 3 Abb. Pr. 119; *Buel v. Lockwood*, 3 N. Y. 197; *The State v. Adams*, 20 Kas. 325.)

As another ground of error, it is insisted by the appellant that the order which he refused to obey, and upon which refu-

sal the proceeding for contempt is founded, was one which the judge had no authority to make; that the order made was one commanding the appellant to pay a debt, and that to commit him for contempt in failing to obey the order would in effect be imprisonment for debt. In such proceedings, "the judge may order any property of the judgment debtor, not exempt by law, in the hands either of himself or any other person or corporation, or due to the judgment debtor, to be applied toward the satisfaction of the judgment, and may enforce the same by proceedings for contempt, in case of refusal or disobedience." (Code, § 490.) In this case the judge found that the appellant had property which consisted of money in his possession and under his control, not exempt by law, that should be applied toward the satisfaction of the judgment, and ordered that it be so applied. It was not an order to pay a debt, but was a direction to apply certain property, discovered upon the examination to be in the possession of the appellant, to the satisfaction of the judgment against him.

A showing by the judgment debtor that his disobedience of the order was not willful or contumacious, but was occasioned by a lack of money or property with which to satisfy the judgment, would ordinarily entitle him to a discharge; and a commitment for contempt, based on the refusal to obey an order, in such a case would probably be in violation of our constitution, which forbids imprisonment for debt except in cases of fraud. But whether the testimony before the judge showed or tended to show fraudulent conduct on the part of the appellant in the concealment of his property, or in seeking to avoid the application of money or property to the satisfaction of the judgment, or whether he was willfully obstinate in his conduct, we cannot know. None of the testimony is before us.

We refrain from expressing any opinion upon the question of how far a judge may go by an order made in proceedings in aid of execution to enforce a payment of pecuniary obligations, until it is fairly presented to us. With nothing before us but the findings of the judge, we are unable to say that the

order made in this case is unwarranted or erroneous, and therefore it will be affirmed.

It appears that the name of the late attorney general is signed to one of the motions filed in this case, but it was without his knowledge, and no part was taken by him in any of the proceedings in the cause.

All the Justices concurring.