THE STATE OF KANSAS, *on the relation of Lyman W. De Geer, County Attorney,* v. D. L. PIERCE.

APPEAL — *Reviewing Questions of Fact.*  In the absence of a bill of exceptions containing the evidence, the appellate court cannot review questions of fact.

*Motion for Rehearing.*

THE facts sufficiently appear in *The State, ex rel., v. Pierce,* ante, p. 241, and in the opinion herein, filed at the session of the court in June, 1893.

*E. Sample,* and *R. A. Cameron,* for appellant.

*John N. Ives,* attorney general, *Lyman W. De Geer,* county attorney, and *C. W. Ellis,* for The State.

*Per Curiam:* There is filed on behalf of the appellant an elaborate brief covering all the matters considered by the court on the first hearing.   We are satisfied with the conclusions before reached, as expressed in the opinion.   It is strenuously contended, however, by counsel for the appellant, both in the brief and on oral argument, that it does not appear that Barber county was damaged to the amount of $1,738.58, the

face value of the scrip issued in violation of the injunction, or in any other sum, and that the district judge erred in ordering Pierce to make restitution to the county of that sum of money, or of the scrip, and that the county had an ample defense against the scrip in whose hands soever it might be, if it was illegally issued, because such scrip, or, as it would be more properly termed, the county warrant, is not negotiable. The question counsel seeks to raise is not presented by the record, as there is no bill of exceptions containing the evidence offered on the hearing which we can consider. The order complained of was made by the district judge at chambers on the 12th day of July, 1892. No time was asked or given the defendant to prepare a bill of exceptions. On the 15th of July a notice of appeal was served, and on the 16th of July the bill of exceptions contained in the record was presented to the district judge, and signed by him.

In the case of *The State, ex rel., v. Burrows*, 33 Kas. 10, it was held that

"An objection to the decision of a judge at chambers should be reduced to writing, and presented to the judge for his allowance at the conclusion of the hearing when the decision was made, unless application is made for additional time, which may be given, but never to exceed 10 days. If no time is asked or given at the conclusion of the hearing before such judge, the parties are concluded, and are not thereafter entitled to present for allowance and have settled and signed a bill of exceptions."

In the absence of a bill of exceptions containing the testimony, we cannot say that the court erred in fixing the value of the scrip at its face. It may have been presented to the county treasurer and paid. In various ways it could happen that the county might fail to secure the benefit of any defense it might have against an outstanding warrant.

The rehearing will be denied.