PRIOR P. SMITH, *et al.*, VS. BANK OF KINGFISHER.

1. RE-HEARING—No new question having been presented by the motion for a re-hearing, the court re-affirms the doctrine as heretofore announced in this case.

*Motion for Re-hearing.*

Action on a promissory note by the *Bank of Kingfisher vs. Prior P. Smith, et al.*   Judgment for plaintiff.

Defendants appeal. Appeal dismissed on motion for re-hearing. Motion denied.

*W. A. McCartney* and *Hobbs & Kane*, for the motion.

*Noffsinger & Nagle*, contra.

The opinion of the court was delivered by

SCOTT, J.: On the 3d day of March, 1894, the court affirmed the judgment of the lower court in this case, and directed that it be enforced accordingly. On the 18th day of April, 1894, the appellants filed a motion for a rehearing, setting forth five alleged grounds of error, all of which go to the same effect, challenging the entire decision of the court. The court decided that, as an invariable rule, where a bill of exceptions is filed after the close of the term at which judgment was rendered, it must affirmatively show, on its face, that it was presented within the time allowed; and further, that, as a general rule, while parol evidence is competent, it is not of itself, unaided by any other note or memorial, sufficient to authorize a *nunc pro tunc* order; that it might be competent, yet sufficient. In brief, the appellants challenge the entire doctrine thus announced by the court; and in their argument cite numerous authorities, none of which are sufficient to convince us that there was any error in our conclusions. A re-examination of all the cases cited and of all the questions involved in the case, convinces us of the correctness of our former decision. The appellants state, in addition to this, that the appellee did not save an exception to the findings of Justice Burford, in signing and settling the case, and that therefore this question cannot be considered on appeal. This is a mistake. Exception was properly taken, preserved and presented to the court. It follows, then, that the motion for rehearing must be denied.

By the court: It is so ordered.

All the Justices concurring.