INTERNATIONAL BANK & TRUST CO. V. FARMER *et al.*

No. 899, Ind. T.    Opinion Filed May 12, 1909.

(102 Pac. 699.)

**APPEAL AND ERROR—Record—Striking Bill of Exceptions.** Where a bill of exceptions is not presented to the trial judge to be allowed and signed until after the expiration of the succeeding term of court at which the judgment is rendered, and after the expiration of the time granted within which to present the same, a motion to strike such purported bill of exceptions from the record and affirm the judgment will be sustained in the appellate court.

*(Syllabus by the Court.)*

*Error from the United States Court of Appeals of the Indian Territory, Northern District, Sitting at Vinita.*

Action by the International Bank & Trust Company against Samuel A. Farmer, administrator, and William Goddard. Judgment for defendants, and plaintiff brings error. Affirmed.

*James S. Davenport,* for plaintiff in error.

*W. H. Kornegay,* for defendants in error, cited: *Muller v. Ehlers,* 91 U. S. 249; *St. L. I. M. & S. Ry. Co. v. Holman,* 45 Ark. 102.

DUNN, J.    This case was tried at the October, 1906, term of the United States District Court for the Northern District of the Indian Territory, sitting at Vinita. It was tried to a jury which returned a verdict for the defendants on October 17, 1906. A motion for new trial was duly filed, but was not acted on until January 19, 1907, at which time the court allowed plaintiff 60 days in which to prepare and file bill of exceptions. The time then given was in no wise enlarged or extended. The bill of exceptions thus provided for was not prepared, allowed, or signed until September 11, 1907, which date was long after the expiration of the 60 days' extension granted, and beyond the succeeding term of court at which the motion for new trial was overruled and

judgment rendered for defendants.  A motion is now made by appellees to strike the bill of exceptions from the record and affirm the judgment of the lower court.

We believe this motion is well taken.  Section 3362 of the Annotated Statutes of the Indian Territory of 1899 provides:

"The party objecting to the decision must except at the time the decision is made, and time may be given to reduce the exception to writing, but not beyond the succeeding term."

The judgment in this case was rendered at the October, 1906, term of the court, as above noted.  The motion for new trial was overruled on January 19, 1907, which was one of the days of the same term of court.  A term of court began at Vinita on January 21, 1907, and ended before June 3, 1907, as another term of court was ordered at that same place beginning the 3d day of June, 1907, and it was not until after the beginning of this term of court, or on, to wit, September 11, 1907, that the bill of exceptions was presented and allowed.

The Supreme Court of Arkansas, in passing on the proposition presented here in the case of *St. L., I. M. & S. Ry. v. Holman,* 45 Ark. 102, held:

"When a day of the next term is given for filing a bill of exceptions, and the day passes without action, the court has no power to file it after that day; and one so filed is no part of the record."

In the consideration thereof the court said:

"Formerly it was necessary to present bills of exception for allowance at the term at which the trial was had.  The statute provides now for extending the time to a day not beyond the succeeding term.  *  *  *  When the time is extended beyond the trial term, and the day fixed allowed to pass without action, the court loses control over the matter,  just  as  it  formerly lost control by the lapse of  the  term,  and  the  opportunity  for  allowing and filing a bill of exceptions is lost.  This is the construction given the statute in Kentucky, whence ours came.  *Freeman v. Brenham,* 17 B. Mon. 603; *Vandever v. Griffith,* 2 Metc. 425; *Meadows v. Campbell,* 1 Bush, 104; *Bailey v. Villier,* 6 Bush, 27; *Smith v. Blakeman,* 8 Bush, 476."

To the same effect, see *Western Investment Company v. May-*

*berry, ante,* p. 76, 99 Pac. 652, an opinion of this court on practically the same proposition, wherein we held in the syllabus:

"A bill of exceptions, signed after the term at which the judgment is rendered, without the consent of parties, or an express order of the court to that effect, made during the term, cannot be considered as a part of the record in the case."

The motion of appellee is accordingly sustained.

All the Justices concur.