## LAMPTON v. JOHNSON.

No. 3438.    Opinion Filed March 10, 1914.

(139 Pac. 526.)

1.    **EXCEPTIONS, BILL OF**—Time Allowed—Term—"Exception."
      An "exception" is an objection taken to a decision of the court or judge upon a matter of law.

2.    **SAME**—Presentation for Review. The party objecting to a decision must except at the time the decision is made, and time may be given to reduce the exception to writing, but not beyond the term.

3.    **SAME.** Where no time is asked or granted for reducing exceptions to writing at the time the decision excepted to is made, there is no authority for signing and allowing a bill of exceptions and making it a part of the record proper after the expiration of the term.

(Syllabus by the Court.)

*Error from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

Action by W. F. Johnson against M. W. Lampton. Judgment for plaintiff, and defendant brings error. Dismissed.

*N. A. Gibson, John H. Mosier,* and *Rush Greenslade,* for plaintiff in error.

*F. L. Montgomery, DeRoos Bailey, J. E. Wyand,* and *Charles A. Moon,* for defendant in error.

KANE, J. A preliminary question which disposes of the above-entitled proceeding in error is presented by counsel for defendant in error in their brief. They say:

"From an examination of the record (p. 153) we note that the trial court overruled the motion for a new trial on the 15th day of July, 1911, to which action of the court the defendant excepted, and prayed an appeal to this court, which was granted, and defendant was granted an extension of 90 days within which to prepare and serve case-made. For some reason unknown, the defendant never prepared and served his case-made upon the plaintiff, but abandoned that procedure, and instead thereof, has filed in this court a record not allowed or provided by statute. * * * The record contains, at page 155, a certificate of the clerk of the court, to the effect that it contains a full, true, correct and complete transcript and copy of all pleadings, records, orders, judgment and bill of exceptions of the court, and of the instructions to the jury, and of the verdict and findings of the jury. * * * The record in this case, therefore, necessarily reduces itself to a transcript of the record proper. * * * Neither the petition in error nor the brief of the plaintiff in error raises any question that can be determined from an examination of the record proper. Every objection raised by the petition in error and by the brief of the plaintiff in error requires an examination of the evidence, and neither the evidence nor the instructions are before this court."

We think counsel correctly state the situation as to the scope of the petition in error and the questions presented by it for review. Therefore, unless the action of the judge of the court below, after the term, and without any time having been requested or granted for reducing exceptions to writing, in allowing and signing as a bill of exceptions what, upon its face, has the appearance of an ordinary case-made, had the effect of making the evidence, motion for a new trial, and other proceedings of that nature a part of the record proper which may be taken up by a transcript of the record, the appeal must be dismissed. We are unable to find any authority for such action. Section 5026, Rev. Laws 1910, provides:

"An exception is an objection taken to a decision of the court or judge upon a matter of law."

And section 5027, *Id.,* provides that:

"The party objecting to a decision must except at the time the decision is made, and time may be given to reduce the exception to writing, but not beyond the term. If the decision objected to is made in vacation or at chambers, the judge may give time to reduce the exception to writing, not exceeding ten days."

Section 5030, *Id.*, provides for allowing, signing, and filing exceptions.

The foregoing statutes contemplate that the exception must be reduced to writing at the time it is made, or within a time granted by the court, "but not beyond the term." If it is true, it then becomes the duty of the judge to allow and sign the same, whereupon it shall be filed with the pleadings as a part of the record. It does not appear that the party excepting asked for time to reduce exceptions to writing at the time they were saved, or that he intended to take anything into the record by bill of exceptions until after the term and the time granted for making a case-made had expired.

The general rule seems to be that:

"A bill of exceptions signed after term, without consent of the parties, or by express order of court made during term, is not a part of the record."

*Western Inv. Co. v. Mayberry*, 23 Okla. 76, 99 Pac. 62; *I. B. & T. Co. v. Farmer et al.*, 23 Okla. 632, 102 Pac. 699.

It follows that, there being no case-made, the bill of exceptions attached to the petition in error presents for review only questions arising upon the ordinary record proper.

For the reasons stated, the appeal must be dismissed.

All the Justices concur.