## LIQUID CARBONIC CO. v. RODMAN.

No. 4532.   Opinion Filed August 3, 1915.

Rehearing Denied November 9, 1915.

(152 Pac. 439.)

1.   **TRIAL—"Exception."** An exception is an objection taken to a decision of the court or judge upon a matter of law.

2.   **TRIAL—Exceptions—Necessity—Time to Reduce Writing.** The party objecting to a decision must except at the time the decision is made, and time may be given to reduce the exception to writing, but not beyond the term.

3.   **EXCEPTIONS, BILL OF—Time for Preparation.** Where no time is asked or granted for reducing exceptions to writing at the time the decision excepted is made, there is no authority for signing and allowing a bill of exceptions and making it a part of the record proper after the expiration of the term.

(Syllabus by Brewer, C.)

*Error from District Court, Seminole County;*
*Tom D. McKeown, Judge.*

Action by the Liquid Carbonic Company against Charles M. Rodman.   From the judgment, the plaintiff brings error.   Dismissed.

*C. Dale Wolfe,* for plaintiff in error.

*Harry H. Rogers,* for defendant in error.

Opinion by BREWER, C.   The petition in error in this case assigns errors of law occurring at the trial, and the case is brought here on a transcript of the record, which includes a bill of exceptions, purporting to embrace everything that occurred at the trial, including all the evidence, etc.   On May 10, 1912, the motion for new trial was heard and overruled by the court, and plaintiff in error here (plaintiff below) was allowed 90 days within

which to make and serve a case-made. No steps were taken thereafter to do so; but on October 16, 1912, all of the proceedings at the trial were reduced to writing, including the evidence taken, the instructions of the court asked and refused, and those given, etc., and the same were presented to the trial court as a bill of exceptions, were signed by him on said date, and ordered filed as a part of the record. Thereafter a transcript of the record was certified by the clerk, and the same included, after the record proper, the aforesaid bill of exceptions, and the whole case was thus brought to this court on a transcript of the record.

In this situation, the so-called bill of exceptions is a nullity, and cannot be considered. Exceptions may be taken in writing to a decision on questions of law occurring at the trial, and they may, after presentation, approval, and signing by the judge, be filed in the case as a part of the record, and thereafter be incorporated in a transcript; and in this manner they may be brought to this court for review. But such exceptions must be taken and preserved by bill of exceptions at the time the decision is made, unless time be given to reduce the same to writing, which time, however, can in no event be extended beyond the term. If the exception is made to a decision made in vacation or at chambers, time, not to exceed ten days, may be given to reduce the same to writing. Section 5027, Rev. Laws 1910. In the case at bar, the exceptions were not taken, reduced to writing, and signed by the trial judge at the time the objections were made at the trial, nor was there any order made, allowing further time within the term to prepare, perfect, and file the same. In the case of *Lampton v. Johnson*, 40 Okla. 492, 139 Pac. 526, it is held:

"1  An 'exception' is an objection taken to a decision of the court or judge upon a matter of law.

"2.   The party objecting to a decision must except at the time the decision is made, and time may be given to reduce the exception to writing, but not beyond the term.

"3.   Where no time is asked or granted for reducing exceptions to writing at the time the decision excepted to is made, there is no authority for signing and allowing a bill of exceptions and making it a part of the record proper after the expiration of the term."

The above case is identical in its facts to this one; and under the authority of that case, no errors of law occurring at the trial, and as shown in the purported bill of exceptions, can be considered here; for the reason that the said bill of exceptions was not made within the time and in the manner provided by law, and is therefore not a part of the record and cannot be brought here in a transcript of such.   And, inasmuch as no errors are pointed out as appearing on the record proper, there is nothing here for us to review.

Therefore the appeal is dismissed.

By the Court:   It is so ordered.

## STETLER v. BOLING *et al.*

Nos. 4901, 5677.   Opinion Filed September 14, 1915.

Rehearing Denied November 9, 1915.

(152 Pac. 452.)

1. **GUARANTY—Time of Payment—Extension—Consent in Assignment.** Where a guarantor, for a valuable consideration, sells and assigns a note made to him under the following assignment: "I hereby assign the within note to F. L. Boling, Kingfisher, Oklahoma, and guarantee the payment of same when due or at any time thereafter, and consent to any extension of the time or renewal, waiving demand, notice and protest"—the owner of the note may extend the time of payment of said note without the consent of the guarantor.

2. **GUARANTY—Duty to Enforce Collection—Demand of Assignor —Question for Jury.** Whether the assignor of the note in this case was entitled to any relief, because of the negligence of the holder in forcing collection while the makers were solvent, on assignor's demand that he proceed so to do, was properly submitted to the jury and decided on conflicting evidence against the contention of assignor.

3. **TRIAL—Order of Proof—Discretion.** The discretion of the trial court is very broad in dealing with the question of the order in which evidence is presented; and hence evidence, proper to be introduced in chief, may be introduced out of its regular order, when the court, in the exercise of its discretion, believes such course proper in facilitating the dispatch of business.

4. **APPEAL AND ERROR—Jurisdiction of the Trial Court.** When the Supreme Court acquires jurisdiction of a case by appeal, the jurisdiction of the trial court is ousted as to any question involved in the appeal; but jurisdiction of collateral matters, not involved in the appeal, or matters happening subsequent to the appeal, remains with the trial court.

(Syllabus by Collier, C.)

*Error from District Court, Kingfisher County;*
*James B. Cullison, Judge.*

Actions by F. L. Boling against M. O. Stetler and others. Judgment for plaintiff, and defendant Stetler brings error. Affirmed.

By order of this court, cause No. 5677 was consolidated with cause No. 4901. In case No. 4901, the action was brought by one of the defendants in error, F. L. Boling, against M. O. Stetler upon the following promissory note:

"$1,000.00.          KINGFISHER, OKLA., July 30, 1909.

"One year after date, we promise to pay to the order of M. O. Stetler, one thousand and no/100 dollars, at the Citizens' State Bank, Kingfisher, Okla., for value received with interest at the rate of 10 per cent. per annum after date until paid.          ·        JOHN R. STURGEON,
                              "NANCY A. STURGEON,
                              "JAMES STURGEON."

Said note was indorsed on back as follows:

"For value received, I hereby assign the within note to F. L. Boling, Kingfisher, Oklahoma, and guarantee the payment of same when due or at any time thereafter, and consent to any extension of the time or renewal, waiving demand, notice and protest."

The evidence was in conflict as to whether or not the guaranty stamped on the back of said note was placed there prior to its assignment to plaintiff Boling. After the defendant had introduced his testimony, the court permitted examination of the cashier and the stenographer of said bank, upon the question as to whether or not the guaranty stamped on the back of said note was placed there prior to its assignment. Uncontradicted evidence was introduced that plaintiff in error, after maturity of the note, told Boling to make the Sturgeons pay it; that at said time the Sturgeons were solvent, and afterwards became insolvent; that Boling, without the consent of plaintiff in error, consented to let the payment of the note "go along, provided the interest thereon was paid." De-

fendant in error Boling denied that he had ever been requested by plaintiff in error to enter suit upon the note, until just before he brought said action. There is no evidence in the case that the time of payment of said note was extended by Boling to any definite period, or that any consideration moved from said Sturgeons to Boling for an extension of time of payment of said note. The evidence was in conflict as to whether or not the plaintiff below had exercised proper efforts to collect the note. It is admitted by plaintiff in error in his brief that the court instructed the jury properly concerning the case upon the defense of the defendant; but he insists that the jury decided against the instructions and against the evidence, but fails to point out how the finding of the jury is in conflict with the instructions of the court, or with the evidence in the case, or why he has a right to complain of the action of the jury in regard to said instructions. The case was tried to a jury, and a verdict was rendered in favor of plaintiff in the sum of $1,000. Motion and an amended motion for new trial were filed by said Stetler, and were overruled; to which action of the court the defendant duly excepted. Judgment was rendered upon said verdict. The appeal is prosecuted by said Stetler to reverse said judgment upon the following assignment of error.

"That the court erred in overruling the motion and amendment to the motion for a new trial filed by M. O. Stetler, to which ruling the defendant M. O. Stetler, plaintiff in error in this proceeding, then and there excepted."

After the adjournment of the term of court at which this judgment was rendered, the Sturgeons moved the court to set aside the judgment rendered against them

January 1, 1913, in cause No. 4901, for $1,000, upon the ground that said Sturgeons had been, subsequently to the rendition of said judgment, discharged in bankruptcy from the claim upon which said judgment was predicated. Upon hearing said motion, the court found: (1) That the motion was not filed during the same term in which the judgment was rendered, but was filed during a term subsequent to that in which the judgment was rendered; (2) that the court has jurisdiction to hear and decide this motion, notwithstanding the fact, so found by the court, that this action was pending in the Supreme Court, and as yet undetermined. Plaintiff in error excepted to said findings of fact and conclusion of law, and prosecutes an appeal thereon to this court upon the following assignment of error:

"That the court committed prejudicial error in holding jurisdiction of and sustaining the motion of the defendants, James R. Sturgeon, John R. Sturgeon and Nancy A. Sturgeon, to set aside, vacate, or modify the judgment theretofore rendered, and vacating and setting aside as to them the said judgment, all of which was at the time excepted to by the plaintiff in error."

*F. L. Boynton,* for plaintiff in error.

*Geo. L. Bowman,* for defendant in error Boling.