## THOMPSON et al. v. STEVENS.

No. 8515—Opinion Filed Oct. 22, 1918.

(175 Pac. 742.)

1. **Appeal and Error—Bill of Exceptions or Case-Made—Review.**

Errors alleged to have occurred on the trial of the cause cannot be reviewed by this court, in the absence of a bill of exceptions or case-made.

2. **Exceptions, Bill of—Time of Taking—Reducing to Writing.**

The party objecting to a decision must except at the time the decision is made, and time may be given to reduce the exceptions to writing, but not beyond the term, unless the decision excepted to be made in vacation or at chambers.

3. **Same—Time of Allowance.**

Where no time is asked or granted for reducing exceptions to writing at the time the decision excepted to is made, a bill of exceptions, allowed and signed after the expiration of the term, is a nullity, not a part

of the record proper, and will not be considered on appeal.

(Syllabus by Rummons, C.)

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Action by V. H. Stevens against James S. Gladish, R. H. Thompson, Mattie M. Thompson, and others. Judgment for plaintiff, and the named defendants bring error. Affirmed.

Jas. S. Gladish, for plaintiffs in error.

A. E. Pearson and W. R. Withington, for defendant in error.

Opinion by RUMMONS, C. The only assignment of error argued in the brief of plaintiffs in error is that the decision and judgment are not sustained by the evidence and are contrary to law and to the evidence. A proper consideration of this assignment of error requires a review of the evidence and the proceedings at the trial.

Plaintiffs in error appeal by transcript, in which is incorporated a purported bill of exceptions. The motion for new trial was overruled on February 4, 1916. Plaintiffs in error prayed an extension of 60 days from the date in which to make and serve a case-made, which extension was ordered. On August 4, 1916, after adjournment of the term at which judgment was rendered, plaintiff in error presented to the trial judge a bill of exceptions, which was on said day signed by the judge, attested by the clerk, and filed in the office of the clerk.

Defendant in error contends that the purported bill of exceptions cannot be considered in this court, for the reason that the exceptions were not reduced to writing at the time the decision was made, nor within any time allowed by the court to reduce the same to writing, but the same was reduced to writing, and presented to the trial court, and signed after the term at which the judgment was rendered. We are constrained to agree with the contention of defendants in error. In the case of Liquid Carbonic Co. v. Rodman, 52 Okla. 211, 152 Pac. 439, Mr. Commissioner Brewer, who wrote the opinion of the court, says:

"In this situation, the so-called bill of exceptions is a nullity, and cannot be considered. Exceptions may be taken in writing to a decision on questions of law occurring at the trial, and they may, after presentation, approval, and signing by the judge, be filed in the case as a part of the record, and thereafter be incorporated in a transcript; and in this manner they may be brought to this court for review. But such exceptions must be taken and preserved by bill of exceptions at the time the decision is made, unless time be given to reduce the same to writing, which time, however, can in no event be extended beyond the term. If the exception is made to a decision made in vacation or at chambers, time, not to exceed 10 days, may be given to reduce the same to writing. Section 5027, Rev. Laws 1910. In the case at bar, the exceptions were not taken, reduced to writing, and signed by the trial judge at the time the objections were made at the trial, nor was there any order made, allowing further time within the term to prepare, perfect, and file the same. In the case of Lampton v. Johnson, 40 Okla. 492, 139 Pac. 526, it is held: '(1) An "exception" is an objection taken to a decision of the court or judge upon a matter of law. (2) The party objecting to a decision must except at the time the decision is made and time may be given to reduce the exception to writing, but not beyond the term. (3) Where no time is asked or granted for reducing exceptions to writing at the time the decision excepted to is made, there is no authority for signing and allowing a bill of exceptions and making it a part of the record proper after the expiration of the term; the above case is identical in its facts to this one and under the authority of that case no errors of law occuring at the trial, a-- shown in the purported bill of exceptions can be considered here, for the reason that the said bill of exceptions was not made within the time and in the manner provided by law, and is therefore not a part of the record and cannot be brought here in a transcript of such. And inasmuch as no errors are pointed out as appearing on the record proper, there is nothing here for us to review."

The bill of exceptions not having been presented to the trial judge and signed within the time provided by law, the trial court was without authority to make the same a part of the record proper, and we cannot consider it upon this appeal.

There being no complaint of error appearing in the record proper, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.