### LEFTWICH v. MARKS.

No. 13414—Opinion Filed March 18, 1924.

1. **Trial—"Exception."**

An "exception" is an objection taken to a decision of the court or judge upon a matter of law.

2. **Same—Time for Exceptions.**

The party objecting to a decision must except at the time the decision is made, and time may be given to reduce the exception to writing, but not beyond the term.

3. **Exceptions, Bill of—Failure to Reduce Exceptions to Writing At Term.**

Where no time is asked or granted for reducing exceptions to writing at the time the decision excepted to is made, there is no authority for signing and allowing a bill of exceptions and making it a part of the record proper after the expiration of the term.

(Syllabus by Jarman,C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Stephens County.

Action by A. E. Marks against James Leftwich. Judgment for plaintiff, and defendant brings error. Dismissed.

Bond & Morris, for plaintiff in error.

Sandlin & Winans, for defendant in error.

Opinion by JARMAN, C. The assignment of error presented by the plaintiff in error and relied upon for the reversal of this cause is that the verdict is contrary to the evidence and is not sustained by the law. To dispose of this assignment of error, it is necessary to review and consider the evidence produced during the trial of the cause.

The defendant in error takes the position that this court is without jurisdiction to consider this assignment of error for the reason that the evidence is not preserved and brought before this court in a case-made nor in a proper bill of exceptions included in the transcript.

On November 29, 1921, the motion for a new trial was overruled and the plaintiff in error was given 90 days from that date in which to prepare and serve a case-made. For some reason, which the record does not disclose, the plaintiff in error abandoned the idea of appealing by case-made, and, after the term of court expired and on April 1, 1922, the plaintiff in error caused all of the proceedings at the trial, including the evidence, to be reduced to writing and the same were presented to the trial court as a bill of exceptions and the same was signed by the trial court on that date and was ordered filed as a part of the record. On the same date, April 1, 1922, a transcript of the record was duly certified by the court clerk, which included said bill of exceptions, and the case is before the court at this time on a transcript of the record.

An exception is an objection taken to the decision of the court or judge upon a matter of law (section 565, Comp. Stat. 1921), and a party who objects to a decision must except at the time the decision is made, and time may be given to reduce the exception to writing but not beyond the term. Section 566, Comp. Stat, 1921. If this procedure is followed, then the bill of exceptions, after being approved and signed by the judge, may be filed in the case as a part of the record and thereafter incorporated in a transcript, and in this manner brought before this court for review. In this case, however, no time was given in which to reduce the exceptions to writing and the same were not reduced to writing until after the term, and, therefore, the purported bill of exceptions is a nullity and is not properly a part of the transcript and the assignment of error relied upon cannot be considered. Lampton v. Johnson, 40 Okla. 492, 139 Pac. 526; Liquid Carbonic Co. v. Rodman, 52 Okla. 211, 152 Pac. 439.

For the reasons above given the appeal is dismissed.

By the Court: It is so ordered.