## RODDY et al. v. LAMBARD-HART LOAN CO.

No. 23944. Opinion Filed Feb. 7, 1933.

Rehearing Denied March 7, 1933.

A. M. Baldwin and R. M. Roddie, for plaintiffs in error.

Abernathy & Howell, for defendant in error.

PER CURIAM. On the 24th day of February, 1932, a judgment was rendered in the superior court of Pottawatomie county foreclosing a lien in favor of the plaintiff below, and in said journal entry recites that on March 23 of that year, order overruling motion for new trial was entered, and through a series of extensions based on that date plaintiff in error attempted to make, serve, and settle case-made.

In the journal entry of settlement of case-made on July 29th of that year, the judgment apparently determined that March 23rd was an error, and that the order overruling motion for new trial should have been and was entered March 3rd.

Although plaintiff in error urges in his brief that this was a prejudicial error, in stead of treating the proceedings as a case-made and the order of the district court, as error, he abandons the proceedings as a case-made. and, instead of signing and settling the same as a case-made, reversed his procedure, and on the next day after the date given for the signing and settling of case-made, attempted to have the judge of the superior court allow the same as a bill of exceptions; has filed the same herein by indorsement apparently in his own handwriting on the cover of the proceedings as a bill of exceptions, and claims error in this court.

The plaintiff in error argues with force that the changing of the date is a peculiar circumstance, and that might well be true. But the plaintiff in error has closed the only door open to him in this court to urge that it was a case-made and that the court erred in changing the time of the order overruling the motion for new trial by abandoning the proceedings as a case-made and denominating it a bill of exceptions.

As a case-made, it is a nullity for the reason that it was not signed and settled pursuant to due notice and as prescribed under the proper certificate of the judge. Upon the face of the record as a case-made, it also appears that it was not prepared within any legal extension as the record now shows it, and the only right to claim error to this part of the change in the record has been abandoned by plaintiff in error.

As a bill of exceptions, several of the objections could be raised, but the chief one, and that urged by the defendant in error, is that it was not so allowed during the January term of the court, nor any legal extension thereof, and cites two leading authorities on bill of exceptions in this court: Thompson v. Stevens, 73 Okla. 215, 175 P. 742; Leftwich v. Marks, 98 Okla. 117, 224 P. 536. Under the rule of these cases, the appeal must be dismissed.