## ADAMS ROYALTY CO. v. FAULKNER.

No. 26719. March 3, 1936.

Rehearing Denied March 24, 1936.

Rowland & Talbott, for plaintiff in error.

Bierer & Bierer, for defendant in error.

PER CURIAM. This matter was first brought to this court by a transcript of the record, and on December 10, 1935, the cause was dismissed for failure of the transcript to raise the matters complained of for the reason that proceedings after judgment by motion and the orders made thereon are not a part of the record and cannot be considered unless incorporated in a case-made or bill of exceptions, Mires v. Hogan, 79 Okla. 233, 192 P. 811; McMecham v. Christy, 3 Okla. 301, 41 P. 382; Vann v. Union Central Life Ins. Co., 79 Okla. 17, 191 P. 175.

A petition for rehearing was filed and at the same time the petition was filed an application was made to this court, and upon the face of the application the plaintiff in error was given permission to withdraw the record for the purpose of applying to the trial court for a bill of exceptions for the reason that the term at which the order was made was still running, and within the term at which the order complained of was made, plaintiff in error had presented to the trial court and allowed a bill of exceptions. The same now appears in the record, and if such proceeding is justified this court can proceed to review the errors raised in the petition in error.

The sole question therefore to be decided at this time is whether a bill of exceptions may be allowed within the term at any time by the judge. Plaintiff in error's position is that he may at any time within the term either present his bill and have the same allowed by the court, or at any time within the term make his first application for time in which to reduce exceptions to writing. Defendant in error moves to strike the bill of exceptions and relies upon the terms of the statute, claiming that the terms thereof provide that the exceptions must either then be reduced to writing at the time they are made or time obtained from the court in which to reduce the same to writing. Both parties agree that the exceptions must be reduced to writing within the term and presented and signed and allowed within the term. The sections relative to the preparing of a bill of exceptions are as follows:

"An exception is an objection taken to a decision of the court or judge upon a matter of law." O. S. 1931, sec. 383.

"The party objecting to a decision must except at the time the decision is made, and time may be given to reduce the exception to writing, but not beyond the term. If the decision objected to is made in vacation or at chambers, the judge may give time to reduce the exception to writing, not exceeding ten days." O. S. 1931, sec. 384.

"No particular form of exception is required. The exception must be stated, with so much of the evidence as is necessary to explain it, and no more, and the whole as briefly as possible." O. S. 1931, sec. 385.

"Where the decision objected to is entered on the record, and the grounds of objection appear in the entry, the exception may be taken by the party causing to be noted, at the end of the decision, that he excepts." O. S. 1931, sec. 386.

"Where the decision is not entered on the record, or the grounds of objection do not sufficiently appear in the entry, the party excepting must reduce his exceptions to writing, and present it to the judge for his allowance. If true, it shall be the duty of the judge to allow and sign it; whereupon it shall be filed with the pleadings as a part of the record, but not spread at large on the journal. If the writing is not true, the judge shall correct it, or suggest the correction to be made, and it shall then be signed as aforesaid." O. S. 1931, sec. 387.

The first section cited, supra, is the defini-

tion, and refers plainly to exceptions taken to the introduction of evidence and proceedings in the trial, while the other provisions relate to the manner of preparing the bill of exceptions to make the same a part of the record. Section 384, supra, states when and how a bill must be reduced to writing or time taken to prepare the same, whether the order is made in open court or in chambers; while section 387, supra, explains how the bill shall be presented and allowed after the provisions of section 384, supra, have been met. Vann v. Union Central Life Ins. Co., supra, holds, first, that a motion to vacate, filed under the statute, is an attack upon the validity of the judgment, and the order of the court, either overruling the motion or vacating the judgment on the ground that it is void on its face, is a final order and judgment involving the merits of the action. It also holds that the motion to vacate and set aside the judgment and order of the court thereon are no part of the record unless they are brought into the same by bill of exceptions or case-made. In the same paragraph it is stated:

"Neither are the objections and exceptions to the order confirming the sheriff's sale any part of the record proper and must be made such by bill of exceptions or case-made."

And further:

"There is no appeal from the order confirming the sheriff's sale, unless it was assailed in the lower court on matters arising subsequent to the decree of sale, which matters must be shown by case-made or bill of exceptions, and it therefore appears that this court has no jurisdiction to entertain an appeal based on a transcript of the record because it was not filed within the six months allowed by the statute."

This disposes of the matter first presented, that the proceedings after judgment were not a part of the record and never became a part of the record unless the present proceedings incorporated them therein.

This court has on a number of occasions construed the provisions of the sections cited above with relation to preparing a bill of exceptions. A bill of exceptions never becomes a part of the record until it is filed in the trial court. Bruce v. Casey-Swasey Co., 13 Okla. 554, 75 P. 280. It can only be allowed by the judge and is complete when signed by him. Herren v. Merrilees, 7 Okla. 261, 54 P. 467. The bill must affirmatively show that it was presented within the time allowed and within the term. Smith v. Bank of Kingfisher, 2 Okla. 358, 37 P. 828. These sections are found in the proceedings relative to trial, and although they apply to the method used to make a matter a part of the record in con-

templation of appeal, they are not found in the statute relative to appeal. This court, in Leftwich v. Marks, 98 Okla. 117, 224 P. 536, said:

"An 'exception' is an objection taken to the decision of the court or judge upon a matter of law (section 565, Comp. Stat. 1921), and a party who objects to a decision must except at the time the decision is made, and time may be given to reduce the exception to writing but not beyond the term. Section 566, Comp. Stat. 1921. If this procedure is followed, then the bill of exceptions, after being approved and signed by the judge, may be filed in the case as a part of the record and thereafter incorporated in a transcript, and in this manner brought before this court for review."

In Lampton v. Johnson, 40 Okla. 492, 139 P. 526, and Liquid Carbonic Co. v. Rodman, 52 Okla. 211, 152 P. 439, this court considered the exception taken under the provisions of section 384, supra, and held that the party objecting to the decision must except at the time the decision is made, and that time may be given to reduce the exception to writing but not beyond the term. It is true those cases dealt with bills presented for allowance after the term had expired, but the language indicates that if a party wishes to reduce the same to writing at a time other than when a decision is made, time should be given at the time the decision is made.

In our opinion this court has never directly passed upon the exact proposition presented here. The nearest case in point is that of Rice v. West, 10 Okla. 1, 33 P. 706, in which the party applied for time at the time the decision was made and was given 30 days within which to reduce the exceptions to writing. This time was permitted to expire, and the court held that under the Code of Civil Procedure, section 5, art. 24, chap. 70 (St. 1890, sec. 4653), which is substantially the same as section 387, O. S. 1931, provided that a bill of exceptions must be presented within the time allowed by the judge, a bill filed a month after the time appointed by the judge will not be considered.

In Brown v. Rhodes, 1 Kan. 359, the court said:

"The Civil Code provides (sec. 301, p. 173) that the party objecting to the decision must except at the time the decision is made, and time may be given to reduce the exceptions to writing; but not beyond the term."

In State v. Burrows, 33 Kan. 10, 5 P. 449, that court in a criminal case pointed out that section 300 of their then Code, which is identical with our section 384, was to be used alike in civil and criminal cases. It

appears that the matter was heard by the judge in chambers upon an attachment against the defendant for contempt. No time was allowed in which to present a bill of exceptions. On an objection to the bill, which was sustained, the court said:

"The language of the statute is plain, and clearly limits the time within which bills of exception may be presented and allowed. It has been held by this court that a bill of exceptions not filed within the time prescribed by law forms no part of the record, and that the judge cannot, even with the consent of counsel, extend the time for reducing the exceptions to writing and presenting them for allowance beyond the statutory limit within which it must be completed; and that this court cannot take cognizance of, or consider as a part of the record, a bill of exceptions which is not allowed and authenticated in the manner and within the time prescribed by the statutes. Brown v. Rhodes, 1 Kan. 359; Gallaher v. Southwood, Id. 143; Lownsberry v. Rakestraw, 14 Kan. 151-154; State v. Bohan, 19 Kan. 48.

"The rule prescribed by the statute is a reasonable one. The theory is that the exceptions should at once be reduced to writing, and allowed and settled while the facts and proceedings in the case are fresh in the minds of judge and counsel. The party objecting to the decision of a judge made in vacation or at chambers should prepare and present his bill of exceptions at the time of the hearing at which the rulings or decisions objected to are made, and while the counsel for the opposite party are present. If additional time is necessary or desired in which to reduce the exceptions to writing, application should be made to the judge therefor, who may give time not exceeding 10 days. If no time is asked or given at the conclusion of the hearing before the judge, the parties are concluded, and are not thereafter entitled to have the exceptions allowed or settled."

The plaintiff in error in a very able brief points out that these are early decisions; that these provisions of the statute are related to the trial of cases, and urged with great logic that within the term the court has the same power over a bill of exceptions and the allowance thereof that he has over judgments and orders and like matters during the term. He further points out that the restriction upon time of a matter heard in chambers or in vacation is limited to 10 days, and argues, therefore, that there should be no limit on the right of the judge to allow a bill of exceptions within the term. With this we cannot agree. The language of the Kansas court cited, supra, applies alike to cases heard in open court and those heard in chambers and in vacation. This was an early procedure used when court reporters were few and lawyers prepared their own records. The statute denominated what should be a part of the record. Mires v. Hogan, supra. It then provided that if a party wished to make other proceedings a matter of record what should be done. The directions in section 384, supra, as to reducing the matter to writing and providing that time may be given, are contained in the same sentence. If, as argued by the plaintiff in error, the court had the right to allow the bill at any time within the term, the provisions in that sentence that time may be given but not beyond the term would be useless language. Most matters arising as in the instant case are contained in some sort of instrument drawn, but a party has a right to incorporate evidence, opening statements, statement of counsel or of the court, into a bill of exceptions, if it is so desired. As stated in State v. Burrows, supra, the opposing party has a right to know whether counsel intends to proceed by a bill of exceptions, and if the same cannot then be reduced to writing it is only fair that the party obtain time. It may perhaps be that in the event a long time is taken, the party against whom the bill works may himself wish to reduce the proceeding as he remembers it to writing, and present it at the time to be allowed as a counterproposal.

In the light of the opinions above mentioned, we are therefore led to the conclusion, and hold, that where a party intends to proceed to incorporate into the record matters not of record by a bill of exceptions, he must either reduce the same to writing at the time the decision or order complained of is made, or obtain time from the court to reduce the same to writing, in which event they must be presented and allowed by the judge within the term.

Plaintiff in error then presents very ably an argument that under the liberal provisions of section 535, O. S. 1931, he has the right to withdraw the transcript and include therein the matters presenting error on the proceedings in the trial court. We agree with him in his presentation of the proposition that said section should be construed liberally, but we are of the opinion that the provisions extend to amend only such records as have properly been presented to this court under the provisions of the statutes relative thereto. Since the appeal is by transcript, it cannot be amended to include matters which must be presented by case-made or bill of exceptions.

The appeal is therefore dismissed.

McNEILL, C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.