THE PEOPLE *ex rel.* Maxwell Edgar, Plaintiff in Error, *vs.* THE BOARD OF REVIEW OF COOK COUNTY *et al.* Defendants in Error.

*Opinion filed April 23, 1914.*

1. MANDAMUS—*the pleading and practice in mandamus are the same as at law.* The pleading and practice in *mandamus* are according to common law rules, *mandamus* being a common law action, and the record is the same as the record in other common law actions.

2. APPEALS AND ERRORS—*bill of exceptions is necessary to review proceedings taken subsequent to judgment.* A common law record ends with the judgment of the court, and if executions or other writs have been issued by the clerk to carry the judgment into effect, or if any action has been taken by the court in regard to such writs which it is desired to review, the fact of the issuance of the writs and the facts on which the action of the court is claimed to be erroneous can be brought to the consideration of a reviewing court only by bill of exceptions stating the evidence.

3. SAME—*bill of exceptions is necessary to bring up for review action of the court on motions.* Where a motion to vacate certain orders and strike the cause from the docket has been sustained, it is necessary that the evidence heard on such motion, the facts found and the reasons existing for making the order be shown by bill of exceptions, and they cannot be preserved for review by the clerk's recitals in the record.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. JOHN P. McGOORTY, Judge, presiding.

MAXWELL EDGAR, *pro se,* (OSSIAN CAMERON, of counsel.)

CHURCH, SHEPARD & DAY, (FRANK L. SHEPARD, of counsel,) for defendant in error National Box Company.

D. W. SULLIVAN, (JOHN BARTON PAYNE, and RALPH M. SHAW, of counsel,) for other defendants in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

Maxwell Edgar presented a petition to the circuit court of Cook county against the board of review of Cook county, the persons composing that board and certain corporations, praying for a writ of *mandamus* commanding the board of review to value and assess the capital stock and franchises of the said corporations and of all other companies and associations organized and existing under and by virtue of the laws of this State for purely manufacturing and mercantile purposes or for either of such purposes, or for the mining and sale of coal, or for printing or for the publishing of newspapers, or for the improving and breeding of stock, the main offices of which are located in the county of Cook, for the year 1909 and for all prior years in which said companies and associations have been incorporated in Illinois and ought to have been assessed for purposes of taxation according to law. The petition was amended, and later a second amended petition was filed on October 16, 1909. The board of review answered the petition, the National Box Company (one of the corporation defendants) demurred to it, and certain of the other corporation defendants filed a joint and several answer. The demurrer of the National Box Company was overruled and judgment was rendered on the petition and the answer of the board of review, awarding a peremptory writ of *mandamus* commanding the board of review to value and assess the capital stock of the National Box Company for each of the years from 1899 to 1909, inclusive. The judgment was affirmed by this court. (*People* v. *National Box Co.* 248 Ill. 141.) Upon the filing of the mandate in the circuit court, a writ of *mandamus,* and subsequently an *alias* writ, were issued, and returns were made to them, respectively, by the board of review. On December 2, 1911, the petitioner filed a

petition for a rule upon the persons composing the board of review to show cause why they should not be attached for contempt of court, but the court, on July 13, 1912, denied the petition and entered an order approving the return. In the meantime replications had been filed to the answers and a rejoinder was filed by the board of review. On July 29, 1912, the plaintiff made a motion to dismiss the defendant corporations which had answered the petition and to proceed against the board of review alone, but the court denied the motion, and sustained a motion made by the said defendant corporations to vacate and set aside all proceedings as to such defendants subsequent to June 27, 1910, and to strike the cause from the docket. The plaintiff has sued out a writ of error, and the errors assigned question an order of the court expunging certain parts of the second amended petition, the order overruling the application for a rule to show cause why the members of the board of review should not be attached and approving the return to the writ, and the order vacating the proceedings subsequent to July 27, 1910, and striking the cause from the docket.

As to the two last mentioned orders the defendants in error insist that the questions are not before the court for review because not preserved by a bill of exceptions in the record. For the plaintiff it is insisted that the record shows an exception in accordance with the Practice act. The most that the plaintiff claims, however, is that the orders were excepted to. There is no pretense that there is any bill of exceptions containing any evidence upon which the action of the court was based, but the plaintiff claims that the facts showing that those orders were erroneous appear upon the face of the record. We cannot agree with that view. So far as the National Box Company is concerned, and so far as the board of review is concerned with it, the record closed with the judgment which was affirmed by this court. The writs of *mandamus* which were issued after the affirmance of that judgment,

the returns of the board of review and the proceedings to attach the members of the board were proceedings to carry that judgment into execution. They were all proceedings subsequent to judgment and were not matters of record of which a court of review could take notice unless they were embodied in a bill of exceptions. *Mandamus* is a common law action. The pleadings and practice in it are according to common law rules, and the record is the same as the record in other common law actions. The record of a judgment at common law was known as the judgment roll. It was a parchment roll, on which were recorded the process for bringing the defendant before the court, his appearance, and all the pleadings and proceedings to and including the judgment. The roll, when completed by the entry of judgment, was deposited in the treasury of the court and was called the judgment roll. (Stephen's Pl. 24; Freeman on Judgments, sec. 78.) "A record, in judicial proceedings, is a precise history of the suit from its commencement to its termination, including the conclusion of law thereon, drawn up by the proper officer for the purpose of perpetuating the exact state of facts." (*Davidson* v. *Murphy*, 13 Conn. 213.) The record ends with the judgment of the court. Executions or other writs issued by the clerk to carry the judgment into effect are not part of the record. If any action has been taken by the court in regard to such a writ which it is desired to review, the fact of the issue of the writ and the facts on which the action of the court is claimed to be erroneous can be brought to the consideration of the court only by a bill of exceptions stating the evidence.

No bill of exceptions shows what evidence was heard or what cause was shown upon the motion to vacate and strike the cause from the docket. The clerk has recited in the record a finding by the court that the final judgment rendered on June 27, 1910, against the National Box Company, the board of review and its members was a discon-

tinuance of the case as to all the causes of action against the other defendants and as to the board of review and its members in regard to such causes of action, and that any subsequent proceedings were without authority of law. This recital is of no legal effect. Whether evidence was heard by the court, what facts were found and what reason existed for making the order can be shown only by a bill of exceptions. The rule is inflexible that the action of the court on motions of this character cannot be considered on appeal unless preserved in a bill of exceptions. *Alward* v. *Harper,* 253 Ill. 294.

It is unnecessary to consider the motion to expunge. Whether right or wrong, its decision would not affect the case.                                        *Judgment affirmed.*