## MILLER v. MARKLEY.

No. 5965.   Opinion Filed October 12, 1915.

(152 Pac. 345.)

1.  **APPEAL AND ERROR—Presentation for Review—Dismissal.**
    Where the only errors alleged are in overruling the motion for
    a new trial and in sustaining the demurrer of the defendant
    to the evidence of the plaintiff, this court will not consider the
    same upon a transcript of the record and in the absence of a
    case-made.

2.  **SAME—Case-Made.** When a record attached to a petition in
    error filed in this court fails to show that it was certified to
    by the trial judge, that it was served upon the opposing
    attorneys, and that the same has been filed of record in the
    trial court, the record is a nullity as a case-made, and will not
    be considered in this court.

(Syllabus by the Court.)

*Error from County Court, Wagoner County.*

Action by James Miller against W. H. R. Markley.
Judgment for defendant, and plaintiff brings error. Dis-
missed.

*Thomas & Thomas,* for plaintiff in error.

*W. O. Rittenhouse,* for defendant in error.

BROWN, J.   The plaintiff in error, who was plain-
tiff below, sued the defendant in error for damages. De-
fendant in error demurred to the evidence of plaintiff in
error, which demurrer was sustained by the trial court,
and judgment rendered for defendant.   Plaintiff brings
error.

The assignments set out in the petition in error are
that the court erred in overruling the motion for a new
trial and in sustaining the demurrer to plaintiff's evi-

dence at the trial. The defendant in error moves to dismiss, on the ground that the proceeding in error purports to be based upon a transcript of the record of the trial court. The motion to dismiss was served upon attorneys for plaintiff in error on the 9th day of August, 1915, but they have filed no response thereto.

The proposition urged by the defendant in error is well settled in this state. In a proceeding herein which is based upon a transcript of the record of the court below, where the only errors complained of are errors in overruling a motion for a new trial and error in sustaining a demurrer to the evidence, such alleged errors will not be considered by this court in the absence of a case-made containing all the evidence in the trial court. In this case it does not appear that the purported case-made attached to the petition in error was ever served upon the defendant in error, or that it was ever signed and settled by the trial judge, or filed in the court below.

In the case of *Vannier v. Fraternal Aid Association,* 40 Okla. 732, 140 Pac. 1021, this court held:

"Where the only errors assigned in the petition in error are 'that said court erred in overruling plaintiff in error's motion for new trial,' and 'that said court erred in sustaining defendant in error's demurrer to plaintiff in error's evidence,' held, no assignment of error is raised which may be considered on transcript without bill of exceptions or case-made."

There is an unbroken line of decisions by this court to the same effect, which, however, we do not deem it necessary to cite.

For the reasons stated above, the appeal will be dismissed.

All the Justices concur.