Jacob Schwartz, Administrator of the Estate of Hascal Schwartz, Deceased, Appellee, v. Brinks Chicago City Express Company, Appellant.

Gen. No. 21,866.

1. APPEAL AND ERROR, § 1143*—*when motion to strike bill of exceptions from files and motion to vacate order denied.* The proper dispatch of business in the Appellate Court will not permit of its waiting the convenience of counsel in returning files, and where appellee moves to strike bill of exceptions from the files and to affirm the judgment, and where the record, an examination of which is indispensable to decide the motion, is not in the files but in the possession of appellee, the motion is denied and a subsequent motion to vacate that order is also denied.

2. APPEAL AND ERROR, § 1143*—*when Appellate Court on its own motion will vacate order.* Having previously denied a motion to strike the bill of exceptions from the record, as well as a motion to vacate the order thereon and to entertain the prior motion, the Appellate Court on its own motion will vacate its order on the latter motion and allow the former where it is imperative on it to strike such bill of exceptions from the files.

3. APPEAL AND ERROR, § 784*—*when bill of exceptions signed by other than trial judge stricken from record.* Where by the terms of orders allowing ninety days for the filing of a bill of exceptions and extending such time twenty days, the time for filing thereof expired on September 15, 1915, and on August 25, 1915, such bill of exceptions was presented to and signed by a judge other than the trial judge, and on September 21, 1915, it was signed and approved by the trial judge who ordered it filed *nunc pro tunc* as of August 25, 1915, and it was actually filed on September 21, 1915, and no statutory or other reason is shown by the record why the same was not signed and approved by the trial judge within the time allowed by the court, nor as to his disability by reason of death, sickness, etc., as required by Hurd's Rev. St., ch. 110, sec. 81 (J. & A. ¶ 8618), and the record is silent as to whether or not the judge by whom the record was signed on August 25, 1915, was presiding in the trial court at the time and that due diligence had been shown to present it to the trial judge before presenting it to such other judge, and there is no recitation by the trial judge why the bill of exceptions was not presented to him within the proper time, the bill of exceptions will be stricken from the record.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. APPEAL AND ERROR, § 843*—*when other than trial judge may sign bill of exceptions.* Under Hurd's Rev. St., ch. 110, sec. 81 (J. & A. ¶ 8618), it is necessary to show inability of the trial judge to sign a bill of exceptions by reason of death, sickness or other disability, in order to authorize a judge other than the trial judge to sign such bill of exceptions.

5. APPEAL AND ERROR, § 843*—*when trial judge may not sign bill of exceptions presented to other judge and order it filed nunc pro tunc.* The presentation of a bill of exceptions, within the allowed time to a judge who did not preside at the trial and his marking it as presented does not authorize the trial judge to sign the same and order it filed *nunc pro tunc* as of the time when presented to such other judge, it not appearing that such other judge, at the time, was presiding in the same court where the action was tried, or that due diligence had been shown by defendant in seeking to present the bill to the trial judge before presenting it to such other judge, and there is no recitation by the trial judge why the record was not presented within the proper time.

6. APPEAL AND ERROR, § 784*—*when bill of exceptions defective.* A bill of exceptions not having been presented to the trial judge within the proper time, a recitation by the trial judge as to the reason therefor is essential.

7. APPEAL AND ERROR, § 1751*—*when judgment affirmed for lack of proper bill of exceptions.* Where the bill of exceptions is stricken from the files and there is no error apparent in the remaining common-law record, the judgment will be affirmed.

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed March 27, 1916.

R. P. GARRETT, for appellant; ZIMMERMAN & GARRETT, of counsel.

ADLER & LEDERER, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an appeal by defendant from a judgment against it for $2,500 rendered upon the verdict of a jury in an action for negligently causing the death of plaintiff's intestate, a little boy of the age of four years.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appellee moved the court, on January 17, 1916, to strike the bill of exceptions from the files and to affirm the judgment, which motion the court took for deliberation in conference. When the motion was reached in conference the record, which it was indispensable for the court to examine in order to decide the motion, was not in the files, but was in the possession of counsel for appellee. For this reason the motion was denied. A motion subsequently made to vacate that order and to entertain the prior motion was made and denied.

The proper dispatch of the business of this court will not permit of its waiting the convenience of counsel in returning files retained in their offices and without which the motion made by such counsel cannot be decided. We would not now recede from our former action were it not imperative on us to do so in order that our decision may rest upon the law as announced in the cases hereinafter cited.

Counsel for appellee in their brief renewed their motion to strike the bill of exceptions and to affirm the judgment, and the court in conference, on examination of the record then before it, on its own motion vacated the order entered on the motion of January 31, 1916, leaving the motion to strike and affirm for consideration and disposition at this time. That motion must be allowed.

The chronological order of events is a follows:

The judgment appealed from was entered May 29, 1915. Defendant was by order duly entered given ninety days from that date in which to file its bill of exceptions. On August 21, 1915, the time for filing the bill of exceptions was extended twenty days from August 26, 1915. By the last order the time for filing bill of exceptions expired on September 15, 1915.

The trial judge was the Honorable Richard S. Tuthill. On August 25, 1915, Victor P. Arnold, who we will assume was likewise a judge of the Circuit Court

384    Appellate Courts of Illinois.

Schwartz v. Brinks Chicago City Express Co., 198 Ill. App. 381.

notwithstanding there is nothing in the record to so indicate, marked upon the bill of exceptions that it was presented to him on that date. On the 21st day of September, 1915, Judge Tuthill, the trial judge, signed and approved the bill of exceptions and ordered it filed *nunc pro tunc* as of August 25, 1915, and it was filed September 21, 1915.

No statutory reason is made to appear to account for the presentation of the bill of exceptions to Judge Arnold, nor is any reason shown by the record why the same was not signed and approved by the trial judge within the time allowed by the order of court. This case is not distinguishable from *People v. Rosenwald*, 266 Ill. 548, or *Illinois Improvement & Ballast Co. v. Heinsen*, 271 Ill. 23.

There is nothing in the record showing that the trial judge "by reason of the death, sickness or other disability" was unable to sign the bill of exceptions, or that such judge was at that time suffering from any disability of a physical or mental nature which prevented him from performing his duties or functions. Such disability is required by section 81, ch. 110, Rev. St. (J. & A. ¶ 8618), in order to authorize a judge other than the trial judge to sign the bill of exceptions.

The presentation of the bill of exceptions in the record to Judge Arnold and his so marking it did not authorize the trial judge to sign the same and order it filed *nunc pro tunc* as of the date when the same was presented to Judge Arnold. Judge Arnold's marking the bill as having been presented would have been sufficient to furnish a basis for the *nunc pro tunc* order by the trial judge when he signed the bill of exceptions if there was any recitation in the record that the marking by Judge Arnold of its presentation was so done while he was presiding in the Circuit Court, and that due diligence had been shown by defendant in seeking to present the bill to Judge Tuthill before presenting it to Judge Arnold. The record is absolutely

silent on these matters.   Neither is there any recitation of any fact by the trial judge why the bill of exceptions was not presented to him within the proper time.   Such a recitation by the trial judge is essential and cannot be dispensed with.

Where, as here, the record shows that the bill of exceptions was not actually signed within the time granted for filing it, it is not properly in the record. Under the cases above cited this bill of exceptions was not filed within the time authorized by law.   It therefore must be, and is, stricken from the files.   There is nothing now before us but the common-law record, and in it there appears to be no error.

The bill of exceptions is stricken from the files and the judgment of the Circuit Court is affirmed.

*Affirmed.*