Peter Hand Brewing Co. v. Nauseda et al., 210 Ill. App. 153.

---

## Peter Hand Brewing Company, Appellee, v. William Nauseda and Rose Nauseda, Appellants.

### Gen. No. 23,898.

1.  APPEAL AND ERROR, § 760*—*what not part of statutory record.* Affidavits read upon the hearing of a motion to open up a judgment by confession have no place in the statutory record, but belong in the bill of exceptions.

2.  APPEAL AND ERROR, § 1330*—*when assumed that ruling on motion to vacate judgment by confession was correct.* Where a bill of exceptions has been stricken, affidavits in support of a motion to vacate a judgment by confession, which were in the abstract, instead of in the bill of exceptions, where they belonged, will not be reviewed, and it will be assumed that the ruling of the trial court on the motion was correct, and not, in the condition of the record, subject to challenge.

3.  APPEAL AND ERROR, § 1751*—*when judgment affirmed for insufficiency of record.* A judgment will be affirmed where the record is insufficient for the purpose of review of the question involved.

Appeal from the Municipal Court of Chicago; the Hon. WELLS M. COOK, Judge, presiding. Heard in this court at the October term, 1917. Affirmed. Opinion filed March 25, 1918.

DILLARD B. BAKER, for appellants.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MAYER, MEYER, AUSTRIAN & PLATT, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This is an appeal from an order denying the motion of defendants to open up a judgment entered by confession and for leave to plead to the merits.

Since defendants filed their briefs on motion of the plaintiff the bill of exceptions has been stricken from the record leaving only the statutory record before us for review.

The abstract, which is the pleading of the defendants, contains the affidavits read upon the hearing of the motion to open the judgment. These have no place in the statutory record, but belong in the bill of exceptions. As the latter document has been stricken we are not privileged to examine or review these affidavits and consequently are not at liberty to decide their probative force, but must assume that the ruling of the trial judge on the motion was correct and not in the condition of the record subject to challenge. *Horn v. Neu,* 63 Ill. 539; *Alward v. Harper,* 253 Ill. 294; *People v. Board of Review of Cook County,* 263 Ill. 326.

In the condition of the record before us the judgment must be affirmed. *Schwartz v. Brinks Chicago City Exp. Co.,* 198 Ill. App. 381.

The judgment of the Municipal Court is affirmed.

*Affirmed.*