### COVINGTON v. CATER.

No. 10087—Opinion Filed Sept. 30, 1919.

(Syllabus by the Court.)

**1. Appeal and Error—Record—Bill of Exceptions—Motions.**

Where a party seeking to reverse an order of the district court in overruling a motion to vacate a former order dismissing an appeal from the justice court and to reinstate the cause, attempts to appeal from such order on a transcript of the record containing a bill of exceptions signed and allowed by the trial judge, and when such motion to reinstate the cause and vacate the order of dismissal is not incorporated in the said bill of exceptions, or attached or annexed thereto, or identified in said bill, then said motion is not properly made a part of the bill of exceptions, and therefore not properly made a part of the record in the cause, and this court will not review the action of the trial court in overruling the same.

**2. Bill of Exceptions—Reference to Papers.**

If a paper which is to constitute a part of the bill of exceptions is not incorporated in the body of the bill, it must be annexed to it, or so marked by means of identification mentioned in the bill as to leave no doubt when found in the record that it is the one mentioned or referred to in the bill of exceptions.

**3. Appeal and Error—Record—What Included.**

A motion to reinstate a cause, not preserved in the transcript by bill of exceptions, so as to make it a part of the record, cannot be considered, and where the only error complained of is the ruling on the motion to reinstate, and such motion was not incorporated in the bill of exceptions, the same cannot be considered here on appeal, and the appeal will be dismissed.

Error from District Court, Mayes County; Preston S. Davis, Judge.

Action by W. H. Cater against B. W. Covington. From judgment for plaintiff, defendant brings error. Dismissed.

T. S. Wilson, for plaintiff in error.

J. M. Hill, for defendant in error.

McNEILL, J. This action was originally instituted in the justice court of Mayes county, Oklahoma, where judgment was rendered for plaintiff in the sum of $87.50, interest and costs, defendant appealing to the district court of Mayes county, where the appeal was dismissed on January 8, 1919. On January 11, 1919, appellant in the district court filed a motion in said court to reinstate the cause, which upon hearing on January 15, 1919, was overruled; from which order of the district court overruling the motion to reinstate the case, the defendant appeals to this court on a transcript of the record, and bill of exceptions included therein, the appeal being filed in this court on July 15, 1919.

Defendant in error has filed a motion to dismiss the appeal assigning four reasons therefor:

1. The first reason assigned for the dismissal is that the appeal was not lodged in this court within six months from the date of entry of the judgment appealed from. The judgment was rendered on an order appealed from January 15, 1919, and the appeal filed in this court July 15th, 1919, which is within six months from the date of the judgment appealed from.

The next ground for dismissal urged by counsel is that the certificate of the transcript does not show that the record is a full, true, and complete transcript of the record in the case. An examination of the certificate shows that it substantially complies with the rules of this court as to a proper certificate for a transcript of the record with the additional

statement that it contains a bill of exceptions allowed and signed by the judge of the court. This objection is not well taken. But it is next contended that the motion sought to be reviewed, not being incorporated in the bill of exceptions signed by the judge, nor made part of the record by case-made, cannot be considered on the transcript and the appeal should therefore be dismissed.

This court has held in the case of Hicks v. Gay, 31 Okla. 150, 120 Pac. 636:

"A motion to reinstate a cause, not preserved in the transcript by bill of exceptions, so as to make it a part of the record, cannot be considered."

To the same effect is the rule announced by this court in the case of Williams v. Kelly, 71 Oklahoma, 176 Pac. 204; Collins v. Garvey, 67 Oklahoma, 171 Pac. 330; Wyant v. Beavers, 63 Oklahoma, 162 Pac. 732; Miller v. Markley, 49 Okla. 177, 152 Pac. 345; Vannier v. Frat. Ass'n, 40 Okla. 732, 140 Pac. 1021.

The question then presented is: Is the motion sought to be reviewed incorporated in the bill of exceptions signed by the judge? The purported bill of exceptions sets out the ruling on the motion to reinstate, but does not set out the motion to reinstate, neither does it refer to the motion to reinstate the cause, nor identify the same by any reference other than the statement that the court overruled said motion to set aside the order of dismissal, and overruled the motion to reinstate the case. The record contains a copy of the motion to reinstate the cause, but it is not annexed or attached to the bill of exceptions, either as an exhibit or part of such bill. It only shows that it was filed in the court clerk's office in the cause on January 11, 1919. We are of the opinion that this is not sufficient to make the said motion a part of the bill of exceptions.

This court in the case of Bruce v. The Casey Swasey Co., 13 Okla. 554, 75 Pac. 280, held in a case somewhat similar, that:

"A reference in a bill of exceptions to an affidavit as 'Exhibit A' and not otherwise incorporated, is not sufficient to make it a part of the bill of exceptions. It must be annexed to the bill and embodied in it in order to be a part of it."

"Affidavits used on a motion, to become a part of the record in such a way as to enable the Supreme Court to review the same, must be made a part of the record by bill of exceptions or incorporated into the case-made."

A discussion of the question here presented is found in an opinion written by Mr. Justice Brewer of the Supreme Court of Kansas, in which it is held:

"The office of a bill of exceptions is to bring upon the record some portion of those proceedings which do not of right and of course go upon the record. It is itself a part of the record. But a record must speak for itself. It must show on its face all that it is. It must be its own evidence of all that it contains. No part of its contents may rest upon the discretion of the clerk, the recollection of the judge, or the testimony of counsel. But to insure this certainty, is it essential that everything be written out in full, every document and writing copied into the bill before signature? Such appears to be the import of some authorities cited; but that seems to us unnecessary stringency, and to impose needless clerical labor. Where a deposition or other writing is to be made a part of a bill, it can be referred to with such marks of identification as to exclude all doubt. That surely ought to be sufficient; and so we think the better authorities hold. But these things must exist to exclude all doubt.

"1st. The bill in referring to such extrinsic document must purport to incorporate it into and make it a part of the bill. A mere reference to the document, although such as to identify it beyond doubt, or a statement that it was in evidence, is not sufficient, for such reference and statement do not make it certain that judge or counsel intended that it should be copied into and made a part of the bill." A. & N. Rld. Co. v. Wagner, 19 Kan. 335.

The Supreme Court of the United States, in the case of Leftwich v. LeCann, 4 Wall. 187 (U. S.), said:

"If a paper which is to constitute a part of a bill of exceptions is not incorporated into the body of the bill, it must be annexed to it, or so marked by letter, number, or other means of identification mentioned in the bill, as to leave no doubt, when found in the record, that it is the one referred to in the bill of exceptions."

We are therefore of the opinion that the motion to reinstate the cause has not been properly brought into and made a part of the bill of exceptions signed by the trial judge, and hence, cannot be reviewed here on a transcript of the record.

For the reason stated the appeal is dismissed.

OWEN, C. J., and SHARP, RAINEY, JOHNSON, PITCHFORD, and HIGGINS, JJ., concur.