## MITCHELL v. PEERSON et al.

No. 27544.   Jan. 26, 1937.

Rehearing Denied March 30, 1937.

Albert H. Bell and Albert L. Emery, for plaintiff in error.

Poe, Lundy & Morgan, for defendants in error.

PER CURIAM. On the 24th day of April, 1936, the trial court sustained a motion to vacate the levy of an execution. On the 27th day of April, 1936, plaintiff filed a motion for new trial. This was not necessary. See Powell v. Nichols, 26 Okla. 734, 110 P. 762. On the 18th day of May, 1936, defendants filed a motion to strike this motion for new trial. At the time of the filing of the motion for new trial it was stated therein that the court erred in rendering its opinion and findings of fact in certain respects, but that, due to the fact that the court had not filed its finding of facts, the plaintiff was unable to state definitely what the objections thereto were.

There is a recital in the record that it was requested to find facts and make conclusions of law and in this recital it is stated that due to the lateness of the hour such findings of fact were not made, but said findings were postponed. No date is set in that recital at which time the court suggests it will make such findings of fact and conclusions of law.

On the 14th day of September, 1936, the court entered what is styled by the court "orders." This consisted chiefly of a finding of a set of facts and conclusions presumably relating to the proceedings had on the 24th day of April, 1936. Notice of appeal was given on the 24th day of April, 1936, but no time was taken in which to make and serve case-made or to prepare and present bill of exceptions. If the order of the 24th day of April, 1936, is the order from which the appeal is taken, it was the duty of the plaintiff either to take time in which to prepare a case-made or bill of exceptions. The appeal is not by case-made and petition in error, and the plaintiff presents what is styled a bill of exceptions, to which the defendants have entered their objections, and upon which objections to the presentation and allowance of this bill they have filed their motion to dismiss.

It is our opinion that the motion to dismiss must be sustained. In Adams Royalty Co. v. Faulkner, 176 Okla. 423, 55 P. (2d) 1033, we said:

"Motions presented to the trial court and proceedings thereon after judgment are no part of the record unless incorporated in a case-made or bill of exceptions.

"In order to present a matter not of record by a bill of exceptions under the provisions of sections 384, 385, 386, and 387, O. S. 1931, the matters excepted to must be reduced to writing at the time the exception is taken, or time must then and there be given not exceeding the term in which to prepare and reduce to writing such bill of exceptions; and the same must be prepared, presented and allowed within the term to become a part of the record."

Therein we discussed fully all of the statutes regulating and controlling the preparation of a bill of exception.

Regardless of the nature and consideration given to the order entered on the 4th day of September, 1936, there was never at any time time asked for and given in which to prepare and present a bill of exceptions. It must be prepared within the time given by the court and be presented to the court within the term. In the record there appears a prayer of the plaintiff to make certain matters a part of the record by bill of exceptions. This is signed by Albert H. Bell and A. L. Emery as attorneys, but does not purport to have been filed. . On the 17th day of October, 1936, the court purports to allow the instrument requested in the prayer of the plaintiff as a bill of exceptions. This instrument contains the signature of the trial judge and is dated the 17th day of October, 1936, and is attested by the court clerk. It does not show that it was ever filed. We are of the opinion that, under the holdings of this court as set out in Adams Royalty Co. v. Faulkner, supra, the plaintiff failed to except to the ruling of the court and reduce his exceptions to writing at the time the ruling or order was made and failed to obtain time in which to reduce the same to writing within the terms of the statutes relative thereto, and that this court is without jurisdiction to consider the errors presented by such bill of exceptions.

The appeal is therefore dismissed.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, CORN, and GIBSON, JJ., concur.