## DIME SAVINGS & TRUST CO. v. ABLE et al.

No. 28021. Sept. 26, 1939.

Rehearing Denied Oct. 17, 1939.

Little & Bowman and W. M. Rainey, for plaintiff in error.

I. L. Cook, for defendants in error.

OSBORN, J. This is an appeal by Dime Savings & Trust Company, hereinafter referred to as appellant, from an order of the district court of Atoka county overruling a motion to revive a dormant judgment. The record discloses that on June 30, 1930, the appellant procured a judgment foreclosing a real estate mortgage. The land was subsequently sold and the sale was confirmed on January 27, 1931. A deficiency judgment was procured against certain defendants. On January 26, 1937, appellant filed a motion to revive the judgment on the ground that it was dormant and subject to revivor. The trial court held that more than six years

had expired since the date of the judgment by computing the time from the date of the judgment of foreclosure and not from the date the deficiency was ascertained, and denied the application. Appellant was given 60 days in which to make and serve case-made. This order was permitted to expire and no case-made was ever served. This appeal is prosecuted by transcript. A motion to dismiss has been filed on the ground that a motion for revivor is not a part of the record and cannot be reviewed unless incorporated in a case-made or bill of exceptions and thus presented to this court. See Mitchell v. Pearson, 179 Okla. 521, 66 P.2d 1; Adams Royalty Co. v. Faulkner, 176 Okla. 423, 55 P.2d 1033. It is appellant's contention that the rule is not applicable in that the application for revivor is a "pleading" within the meaning of that term as used in section 435, O. S. 1931, 12 Okla. St. Ann. §704, and is therefore a part of the record and reviewable by transcript.

In the case of Adams v. Carson, 165 Okla. 161, 25 P.2d 653, it was held that a motion for revivor constitutes no part of the record or judgment roll.

Section 435, O. S. 1931, 12 Okla. St. Ann. § 704, provides as follows:

"The record shall be made up from the petition, the process, return, the pleadings subsequent thereto, reports, verdicts, orders, judgments, and all material acts and proceedings of the court; but if the items of an account, or the copies of papers attached to the pleadings, be voluminous, the court may order the record to be made by abbreviating the same, or inserting a pertinent description thereof, or by omitting them entirely. Evidence must not be recorded."

This section defines the record as the same is made up in the trial court. The word "record," as used in the statute, is synonymous with or equivalent to the "judgment roll" at common law. Pettis v. Johnston, 78 Okla. 277, 190 P. 681; St. Louis & S. F. Ry. Co. v. Bayne, 170 Okla. 542, 40 P.2d 1104.

The judgment roll at common law is well defined in the case of People v. Board of Review of Cook County, 263 Ill. 326, 105 N. E. 128, as follows:

"The record of a judgment at common law was known as the judgment roll. It was a parchment roll, on which were recorded the process for bringing the defendant before the court, his appearance, and all the pleadings and proceedings to and including the judgment. The roll, when completed by the entry of judgment, was deposited in the treasury of the court, and was called the judgment roll. Stephens Pl. 24; Freeman on Judgments, sec. 78. 'A record, in judicial proceedings, is a precise history of the suit from its com-

mencement to its termination, including the conclusion of law thereon, drawn up by the proper officer for the purpose of perpetuating the exact state of facts.' Davidson v. Murphy, 13 Conn. 213. The record ends with the judgment of the court. Executions or other writs issued by the clerk to carry the judgment into effect are not part of the record. If any action has been taken by the court in regard to such a writ which it is desired to review. the fact of the issue of the writ and the facts on which the action of the court is claimed to be erroneous can be brought to the consideration of the court only by a bill of exceptions stating the evidence."

It has many times been held that a motion for a new trial and order overruling the same are not a part of the record which may be brought up by transcript. See authorities cited 12 Okla. St. Ann. pp. 567 and 568.

It has been held in numerous cases that a motion to vacate and set aside a judgment and order of the court thereon are not a part of the record unless brought into the same by bill of exceptions. Vann v. Union Central Life Ins. Co., 79 Okla. 17, 191 P. 175; Mires v. Hogan, 79 Okla. 233, 192 P. 811; Wells v. McArthur, 77 Okla. 279, 188 P. 322; Covington v. Cater, 76 Okla. 42, 184 P. 112; Whitaker v. Chesnut, 65 Okla. 122, 165 P. 160; Lynch v. Sneed, 144 Okla. 235, 291 P. 110; Adams Royalty Co. v. Faulkner, 176 Okla. 423, 55 P.2d 1033.

The authority of this court is to review those matters which appear of record in the trial court. Errors which appear on the face of the record, which is defined as "the petition, the process, return, the pleadings subsequent thereto, reports, verdicts, orders, judgments and all material acts and proceedings of the court," prior to the entry of final judgment, are reviewable by transcript of the record duly certified to this court. In order that any other matter may be reviewed by this court, such matter must be made a part of the record, which is done by incorporating the same in a bill of exceptions and filing the same in the trial court. Such matter then becomes a part of the record and may be reviewed when such record is properly lodged in this court.

The motion for revivor is not part of the record and may not be reviewed unless made a part thereof by incorporating the same in a bill of exceptions or by presenting the same to this court by case-made.

The appeal is dismissed.

BAYLESS, C. J., and RILEY, CORN, HURST, DAVISON, and DANNER, JJ., concur. WELCH, V. C. J., and GIBSON, J., dissent.